Judge Owsley
delivered the Opinion of the Court,
This writ of error is brought to the following judgment, which purports to have been rendered by the Boone circuit court, between Craig &c. plaintiffs, and Tevis, clerk of the Shelby circuit court, defendant.
Act authorizing the circuit courts to quash the fee bills of officers and impose fines on them for illegal charges.
“The court having examined a fee bill issued by the defendant, against the plaintiffs, dated May and June, 1818, for eighty six dollars seventy eight cents, and being sufficiently advised, orders and considers that said fee bill be quashed, in consequence of its containing illegal charges, and that the plaintiffs recover against the defendant, a fine of one dollar for each illegal charge - so contained in said fee bill, which are ascertained by the court to be thirty-eight in number; therefore it is considered by the court that the plaintiffs recover against the defendant thirty-eight dollars, assessed as aforesaid, and also their costs herein expended, and the defendant in mercy &c.”
Tevis made no defence in the circuit court, nor does it appear from the record, that he had any notice of the proceedings in that court, until after the judgment was rendered against him. It is evident, therefore, that in taking cognizance of the matter, the circuit court cannot have been governed by the law which created circuit courts and prescribed their jurisdiction in general, but was influenced to do so by the sixth section of the act contained in the l.st volume of the Digest of the Acts of the Legislature, page 563, title Fees, By that section it is provided, “if any person or persons shall pay any fee bill or fee bills in which he may suspect or believe that .there are some erroneous charges or items, or that such fee bill' or fee bills shall contain items for services not actually rendered, or that such fee bill or fee bills do not comport with the law in every respect, he, she or they may hand such fee bill or fee bills to the circuit judge who presides in the county where the person or persons having paid said fee bills reside, either in vacation or term time, as may be most convenient; and, thereupon, the said judge shall inspect said fee bill or fee bills, and if there shall be any item or charge contained in said fee bill, or fee lulls, or any of them, not authorised by Jaw, or any item for services not actually rendered, or if the name or names of any of the parties chargable with such fee bill or ’fee bills shall be omitted, or said fee bill or fee bills shall not comport with the law in every respect, the said circuit Judge, at the *9 next circuit court holden for said county, if he shall have received said fee bill or fee bills in vacation or at the same court, if he shall have received them in tern time, shall, without any notice to the said clerk, proceed to quash said fee bill or fee bills and to order the clerk to restore the money which he has been paid for the whole of said fee bill or fee bills so quashed'; and shall further proceed to fine the clerk who has issued such erroneous fee bill or fee bills in favor of the party so having paid the same, in any sum not less than one dollar nor more than four dollars, for such item so improperly charged &c.”
It seérns, tha circuit court wliere the person resides, against ivhom an illegal fee bill issiibd and has paid it, has the jurisdiction ny the statute to inspect and quash the bill and fine the officer.
This jurisdiction is of the limited character, and if the defendant do not appear, the record ought to shew a case of which the court hadju* risdiction.
These provisions are no doubt sufficiently comprehensive to give tb the circuit court of any county where the person or persons who may have paid a fee bill or fee bills, and against whom the same issued, resides, jurisdiction to inspect the fee bill or fee bills, and to decide upon the legality and correctness thereof, and if the fee bill or fee bills be in any respect erroneous, to quash the same and rénder judgment for the penalty imposed by the act against the clerk by whom the fee bill or fee bills were issued.
But it is clear from the language used by the legislature that the jurisdiction was intended to be limited to the court of the county wherein the person against whom the fee bill or fee bills issued, actually resides, so that the act must be understood to have conferred nothing more than a limited jurisdiction on the circuit courts, and as such, the record ought regularly to contain a statement of the facts necessary to shew that the case is one over which the court rendering judgment, has authority to adjudicate.. We would not be understood to say that a judgment would be reversable for an omission to state upon the record every fact which is necessary to shew that the court by which the judgment was rendered has jurisdiction of the case,' provided there was an appearance by the defendant before judgment; but it is intended to say that no judgment which is rendered against a defendant, under the provisions of the act, without an appearance by *10 him, can be sustained unless the facts which give to the circuit court cognizance of the case appear upon the record.
Crittenden, for plaintiff-; Triplett, for defendant.
Without, therefore, intending to decide upon any other of the points made by the assignment of error, the judgment must be reversed, because the Boone circuit court does not appear, from the facts contained in the record, to have had jurisdiction of the case. The plaintiff in error must recover his cost in this court.